

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3495
Re: Interpretation of Art.
6 of H. B. 8, 47th Leg.

In your letter of May 5, 1941, you call attention to Article 6, of House Bill No. 8, 47th Legislature, levying a tax upon the retail sale of automobiles, and request our opinion in response to the following questions:

"1.  Is the amount of freight from the factory to the dealer to be deducted from the retail price of a motor vehicle in computing the tax?

"2.  Are the carrying charges to be included in the retail price of a motor vehicle where a part of the purchase price is financed through a financing corporation in computing the tax?

"3.  Does the tax apply against the purchase price of a motor vehicle when the sale of such motor vehicle was made prior to May 1 but which was not registered until after May 1, the effective date of this Act?

"4.  What is the tax where two parties make application for transfer of title to the Assessor-Collector on motor vehicles and claim that they are of equal value and no difference has been paid by either party in the trade?"

Section 1(a) of Article 6, House Bill No. 8, aforesaid, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

"Section 1. (a) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to one (1) per cent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories attached thereto at the time of the sale, whether such consideration be in the nature of cash, credit, or exchange of other property, or a combination of these. In the event the consideration received by the seller includes any tax imposed by the Federal Government, then such Federal tax shall be deducted from such consideration for the purpose of computing the amount of tax levied by this Article upon such retail sale."

Section 3(a) reads:

"Sec. 3. (a) The term 'sale' or 'sales' as herein used shall include instalment and credit sales, and the exchange of property, as well as the sale thereof for money, every closed transaction constituting a sale. The transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale."

It is our opinion that your first question must be answered in the negative. The tax is calculated on the "total consideration paid or to be paid" for the vehicle and to our minds the freight which the dealer has been out and which is added to the charge which he makes to his customer is unquestionably a part of the "total consideration" which the customer is to pay.

We answer your second question in the negative. Such "carrying charges," that is, interest, insurance premiums and perhaps other things, are not a part of the consideration for the vehicle. Rather they are considerations for other things, such as the use of money and insurance. Some of the language

Honorable George H. Sheppard, Page 3

used in the first sentence of Section 1(a) no doubt prompted your question. However, we believe such language really means that such a tax is levied and payable in full, despite the fact that the transaction may be on credit in whole or in part.

Your third question is also answered in the negative. Section 5 goes more to the remedy, or machinery for collection, than to the subject matter of the tax. As we construe the Act, Section 1(a) levies a tax upon sales made after the effective date of the legislation, and Section 5 merely provides how "the taxes levied in this Article" shall be collected.

We now address ourselves to your fourth question. We have already quoted Sections 1(a) and 3(a). Sections 1(b) and 3(b) read:

"(b) In all cases of retail sales involving the exchange of motor vehicles, the party transferring the title to the motor vehicle having the greater value shall be considered the seller, and no tax is imposed upon the transfer of a motor vehicle traded in upon the purchase price of some other motor vehicle.

"(b) The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use."

A reading of Sections 3(a) and 3(b) would seem to indicate that such a transaction as this constitutes a retail sale within the meaning of the Act. However, the Act does not say which party would be liable, nor that liability for the tax should be apportioned between them equally. Furthermore, nothing therein discloses an intention that each of them should pay the tax. We do not believe a tax can be charged against a man without a statute which shows by express language or by necessary implication that he--the person sought to be charged--is liable for the tax. It is not sufficient to be able to point to a statute which merely says that he or another is liable, without specifying which. Our answer to this question is that

no tax is collectible where the vehicles are of equal value and are actually exchanged without any difference being paid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 21, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:RS


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN